### LINSCOTT *versus* TRASK.

Upon the issue whether the money claimed in the suit belonged to plaintiff or her *late husband*, after evidence introduced by defendant showing that plaintiff had no money or other property at the time of her husband's death, or for *some year or two previous*, it is competent to rebut that evidence, by proving the declarations of her husband *within that period* to the contrary, and what he said as to the management of her property.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT to recover $100, which plaintiff gave to defendant to keep for her on the day of her husband's funeral. He told her he would return it in a few days. It was mostly in gold. He subsequently refused to repay it.

The defendant was executor of the estate of plaintiff's husband and claimed the money as part of the estate.

A verdict was returned for defendant, and plaintiff excepted.

Although the exceptions embraced the general instructions given to the jury, it is unnecessary to state them, as the cause was decided upon one of the rulings in the progress of the trial, and that will readily be understood from the testimony recited in the opinion.

*Ruggles & Gould*, in support of the exceptions.

*Ingalls*, with whom was *Lowell, contra*.

CUTTING, J. — The counsel for the plaintiff in their argument have presented several questions, which do not arise in the exceptions, and since the whole evidence is not reported, we have no means of determining as to the correctness or otherwise of the general instructions of which complaint is now made.

The only question properly presented is, as to the rejection of the evidence offered. The plaintiff claims to recover of the defendant the sum of one hundred dollars delivered to him under a promise to restore the same to her on demand. The defence set up is, that the sum so received

was the property of the plaintiff's husband, which after his decease lawfully came into the defendant's hands as his executor.

Upon this issue the defendant had "introduced evidence tending to show that the plaintiff had no money or other property of her own at the time of her husband's death, *or for some year or two previous.*" To rebut this evidence "the plaintiff's counsel asked a witness whether he had heard said John Linscott, (the deceased,) *within a year or two previous to his death*, speak of his wife, the plaintiff, having money or other property of her own, and if so, what he said of the management of it, if any thing, by himself, or other disposition of it."

By thus placing the testimony received and that offered, in juxtaposition, it is difficult to perceive any legal grounds for its rejection. But it is contended by the defendant's counsel, that the evidence introduced by him might have been excluded, had the same been seasonably objected to, which not being done, they were not precluded from objecting to the rebutting testimony. If their premise be correct, their conclusion perhaps may be properly inferred. But we think the proposition cannot be sustained, the testimony introduced and admitted was not exceptionable, for in order to show the state of the plaintiff's funds at the time of her husband's death, evidence of her being possessed of property a year or two previously, was proper for the consideration of the jury, as tending in some degree to show that she might have been so possessed, when she delivered the money to the defendant. If the evidence excluded was properly admissible on other grounds than the one assigned by the Judge for its exclusion, the exceptions must be sustained. But was the reason assigned a correct one? "The Judge ruled the inquiry inadmissible as not being an inquiry respecting the hundred dollars claimed in the suit." This reason assumes, that the husband's gold must have borne upon it some earmark to distinguish it from that of the wife. The evidence is, that the plaintiff, "at the time of

her marriage, was possessed of property in notes; that for years afterwards she had notes, one or more being taken by her for balance of former note or notes; that said John collected some of them for her, as being her property, two or three years before his decease; that he had some gold in May, 1849; that he had a considerable amount in gold a few years before." Because the husband had gold, it by no means follows from the evidence, that the wife had not gold also, or that the gold delivered to the defendant was that of the husband, and not her own; and the evidence offered and excluded might have tended to show, that the whole or a portion of the gold might have accrued from the proceeds of the notes collected by the husband.

>*Exceptions sustained, verdict set*
>*aside and a new trial granted.*

TENNEY, RICE and APPLETON, J. J., concurred.